**CALIFORNIA RESEARCH CORPORATION, Maurice R. Barusch, Wallace L. Richardson, George J. Kautsky and Donel R. Olson**

v.

**David L. LADD, Commissioner of Patents.**

Civ. A. No. 2316-63.

United States District Court
District of Columbia.

Feb. 18, 1965.

James P. Burns, Wayne L. Benedict, Burns, Doane, Benedict, Swecker & Mathis, Washington, D. C., for plaintiffs.

Clarence W. Moore, Sol., U. S. Patent Office, Washington, D. C., for defendant.

JACKSON, District Judge.

This civil action was brought pursuant to 35 U.S.C. § 145, seeking judgment of this Court authorizing the defendant, Commissioner of Patents, to issue Letters Patent of the United States to plaintiffs containing claim 6 of an application for patent Serial No. 765,920, filed September 26, 1958, entitled "Gasoline Composition".

The invention described in the application relates to a hydrocarbon fuel for automobiles containing tetramethyl lead as an antiknock additive. The invention is best described by the language of claim 6, the only claim at issue, which reads as follows:

"6. A hydrocarbon base fuel, boiling in the gasoline boiling range, adapted for use in spark ignition internal combustion engines, having a clear Research octane number of at least 90, said fuel being characterized in that the hydrocarbon composition thereof lies within the 4-sided figure of FIGURE 1, which 4-sided figure is identified by the fact that its area lies within the straight lines connecting A, B, C, and D; said fuel containing from about one to about four milliliters of lead tetramethyl per gallon, said fuel having a Motor Method octane number and an average Road octane number greater than the corresponding

octane numbers of a mixture of said hydrocarbon composition containing a molar equivalent of tetraethyl lead."

FIG. 1

The claim was rejected by the Patent Office on the ground that the differences between its subject matter and that of the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which the subject matter pertained. 35 U.S.C. § 103. The prior art relied upon by the Patent Office was a United States patent to Hinkamp et al., No. 2,855,905, granted October 14, 1958, and a United States patent to DeWitt, No. 2,-862,801, granted December 2, 1958.

The Hinkamp patent discloses an automobile fuel consisting of four principal ingredients: a hydrocarbon base fuel, a tetraalkyllead antiknock agent, a mixture of bromine and chlorine containing scavengers, and a lubricating oil of specified properties. The properties of Hinkamp's fuel and plaintiffs' fuel are apparently the same except insofar as the clear Research octane number and the concentration of antiknock additives are concerned. With regard to the octane number, the defendant admits that the number shown by Hinkamp (not over 85) is lower than the number claimed by the plaintiffs (over 90), but contends that the number 90 is only arbitrary, and is not critical to the invention. As to the antiknock additive concentration, defendant admits that Hinkamp prescribes only 1 gram (less than 1 milliliter per gallon) of tetramethyl lead in a specific example, but asserts that Hinkamp contemplates greater concentration in a generic portion of his disclosure; that it would be obvious to increase the concentration if one wished to increase the antiknock capabilities of the fuel; and that concentrations of lead alkyl antiknock additives were customarily in the range claimed by plaintiffs at the time when the invention was made.

The patent to DeWitt describes adding phosphate to a base fuel containing a lead alkyl antiknock agent and a mixture of ethylane dibromide and ethylene dichloride. The phosphate has the purpose of "minimizing deposit-induced engine problems such as wild ping and spark plug fouling." One of the patent's specific examples shows a fuel having a clear Research octane number of 91.1 and falling within the 4-sided figure required by defendant's claim. Although the patent specification mentions tetramethyl lead by name as one antiknock agent that may be used, it gives no example of a specific fuel which includes this compound. In the specific example corresponding to plaintiffs' fuel, tetraethyl lead is the only antiknock compound shown. The basic issue with respect to DeWitt, therefore, is whether it would have been obvious to use tetramethyl lead instead of tetraethyl lead as the antiknock agent in the fuel shown by the specific example.

After reviewing the testimony directed to the Hinkamp patent, it is the opinion of the Court that the Patent Office rejection on this reference was not inconsistent with the evidence. The plaintiffs admitted that numerous fuels have been available for years which boast clear Research octane numbers above 90. The defendant's contention that the number 90 is not critical was substantiated by the record in the Patent Office. Even before the Court the plaintiffs were hard put to contend that the number 90 was a critical feature of the invention. Insofar as the concentration of tetramethyl lead in the fuel is concerned, the references as a whole showed that lead alkyl additive concentrations in the range claimed by the plaintiffs were customary in the art at the time of the invention. It would seem unreasonable to assume that a person working in the art with the Hinkamp patent before him would not think to use a concentration in the range claimed if he sought to increase the antiknock capabilities of the fuel.

As to the DeWitt patent, the Court feels that the Patent Office's interpretation of this reference is somewhat strained. Although DeWitt describes in detail a fuel corresponding in virtually every way to plaintiffs', it varies in just that instance in which plaintiffs allege that their improvement has been made: it contains tetraethyl lead instead of tetramethyl lead. While tetramethyl lead indeed is mentioned as a possible alternative in a different portion of DeWitt's specification, there is no hint that it might be substituted for tetraethyl lead in a fuel having the properties specifically set forth by DeWitt in his working example. The Court does not believe that this reference, standing alone, would make plaintiffs' subject matter obvious to a person ordinarily skilled in the art.

Although plaintiffs demonstrated that the use of tetramethyl lead instead of tetraethyl lead in automotive fuel has gained substantial acceptance in the petroleum industry, this does not change the fact that fuels containing tetramethyl lead were generally known to be available at the time the invention was made. Although plaintiffs may have recognized more clearly than others the advantages of the use of these fuels, they cannot be said to have invented them.

The Court will find for the defendant, and against the plaintiffs, and will order that the Complaint be dismissed.

The above Opinion contains Findings of Fact and Conclusions of Law.